UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES SHEPARD,

    Plaintiff,

v.                                          Case No:   6:15-cv-1467-Orl-37TBS

ARRONS,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2).   For the reasons that follow, I respectfully recommend the Court dismiss plaintiff's complaint without prejudice, with 21 days leave to amend.

### I. Background

It appears from the complaint (Doc. 1) that Plaintiff Charles Shephard is attempting to bring a claim against Aaron, Inc.[1], under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.   The complaint alleges that, on "several days," plaintiff received "about 10 calls a day from this company" at his home "at 8 or 850 at night."   (Doc. 1, p. 3).   Plaintiff seeks "100000 for mental stress and punitive damages" and "to fine the ompany [sic] for calling [him] after hours after 5."   (Id. at p. 4).

### II. Standard

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay [filing] fees or give security therefor."   28 U.S.C. § 1915(a)(1).   However, before a plaintiff is permitted to proceed *in forma pauperis*, the

---

[1] This is an assumption on my part, the named Defendant is "Arrons."

Court must review the complaint to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). In this district, the Court may "enter such other orders as shall seem appropriate to the pendency of the cause." M.D. Fla. R. 4.07(a).

Under § 1915(e)(2)(B)(ii), an action must be dismissed if the Court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "The language in this subsection 'tracks the language of Federal Rule of Civil Procedure 12(b)(6), and [courts] apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).'" Hendrix v. Tucker, 535 F. App'x 803, 804 (11th Cir. 2013) (quoting Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). "Thus, to survive § 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 678).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). See also Erickson v. Pardus, 551 U.S. 89, 94

(2007). Nevertheless, *pro se* litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the Court will not "'serve as *de facto* counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action.'" Copeland v. Hous. Auth. of Hollywood, 358 F. App'x 144, 144 (11th Cir. 2009) (quoting GJR Invs., Inc. v. City of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III. Discussion

"The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1171 n.1 (2013) (citing 15 U.S.C. § 1692). "The FDCPA's private-enforcement provision, § 1692k, authorizes any aggrieved person to recover damages from 'any debt collector who fails to comply with any provision' of the FDCPA." (Id. (citing 15 U.S.C. § 1692k(a)). "In order to prevail on a FDCPA claim, a Plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quoting Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-1361 (S.D. Fla. 2000)). See also Alvarado v. Credit Prot. Ass'n, L.P., No. 8:14-CV-447-T-33TGW, 2015 WL 1815863, at *3 (M.D. Fla. Apr. 22, 2015).

The complaint alleges that on "several days," plaintiff received "about 10 calls a day from [Defendant]" at his home "at 8 or 850 at night." (Doc. 1, p. 3). Plaintiff represents that this is an "fdcpa act," (id.) but he does not allege a time frame for the calls, the purpose of the calls, or that Aarons was acting as a debt collector under the FDCPA. See 28 U.S.C. § 1692a(6) (defining "debt collector"). Plaintiff also does not

allege what section(s) of the FDCPA he is proceeding under. The complaint therefore fails to state a claim under the FDCPA.

## IV. Recommendation

For the foregoing reasons, Plaintiff's complaint fails to state a cognizable claim against Defendant. Therefore, I **RESPECTFULLY RECOMMEND** that this case be **DISMISSED without prejudice**, with 21 days leave to amend. I further **RECOMMEND** that the Court **CARRY** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* until he has filed an amended complaint. Lastly, I **RECOMMEND** that Plaintiff be **WARNED** that failure to file an amended complaint within 21 days following the Court's order will result in dismissal of this action.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of the issuance of the report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 15, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Plaintiff, *pro se*